# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| LOUIS DIXON, *et al.*, | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION NO. 2:10-0478-KD-N |
| CITY OF SELMA, *et al.*, | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on plaintiffs' second motion to amend their original complaint wherein they seek to add new plaintiffs and defendants and add new claims and factual allegations against the defendants in addition to the amendments raised in the motion for leave to amend filed on January 31, 2011 (doc. 12). Upon consideration and for the reasons set forth herein, plaintiffs' motion to amend is **denied** and the proposed amended complaint is **stricken**.

Plaintiff initially moved the Court for leave to amend, inter alia, to add Tanya Miles, James Perkins, Jr., and Africhane Robinson, as defendants in this § 1983 action. However, the proposed amended complaint did not contain any factual allegations to support a § 1983 claim against Miles, Perkins, and Robinson. Plaintiffs were granted leave to re-file a proposed amended complaint which did not contain these deficiencies.

In general, leave to amend should be freely given under Rule 15(a) of the Federal Rules of Civil Procedure, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

1

the amendment, futility of amendment, etc." McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir.1999) (internal quotes omitted). In this Circuit "denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) (citation omitted)

In regard to the futility of an amendment, the Court of Appeals for the Eleventh Circuit explained as follows:

> A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss. Coventry First, LLC, 605 F.3d at 870. A complaint must be dismissed if it fails to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6). In determining whether a complaint states a claim for relief, the reviewing court must "accept[ ] the factual allegations in the complaint as true and construe[ ] them in the light most favorable to the plaintiff." Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). The complaint must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009). The complaint need not include detailed factual allegations, but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-1965.

Christman v. Walsh, 2011 WL 721302, 2 (11th Cir. March 10, 2011).

The Circuit Court further explained that "[i]n order to state a claim under § 1983, the plaintiff must show "(1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." Christman, at *3, quoting Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Thus, plaintiffs must allege facts which when accepted as true would raise a reasonable expectation that Miles, Perkins, and Robinson were persons "acting under color of state law" at the time they took the actions of which plaintiffs

2

complain.

Plaintiffs have not alleged any such facts in regard to Robinson. Further, although plaintiffs allege that James Perkins Jr. was the incumbent mayor and Tanya Miles was a school principal, " '[n]ot all actions by state employees are acts under color of law.' " Christman, at *3 (citation omitted). In that regard, a "state official acts under color of law when he exercises the authority that he possesses by virtue of his position with the state." Id. Plaintiffs have not alleged any facts from which raise a reasonable expectation that Miles and Perkins were "exercising the authority" of their positions as the mayor or a school principal at the time of the alleged events.

Plaintiffs now seek leave to amend to add new plaintiffs and defendants and new claims and factual allegations against those defendants which were not included in the motion for leave to amend filed on January 31, 2011. The deadline for amendment of pleadings in the Rule 16(b) Scheduling order was January 31, 2011 (doc. 5). Thus, plaintiffs timely filed their first motion for leave to amend. Plaintiffs were granted leave to amend that proposed amended complaint solely to add factual allegations sufficient to raise a claim against Miles, Robinson and Perkins under 42 U.S.C. § 1983. Since plaintiffs now seek leave to amend their complaint after the deadline, they must show good cause as to why they did not do so before the deadline. Plaintiffs have not done so. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Leave to amend after a scheduling order deadline has passed will only be given upon a showing of "good cause" under Rule 16(b)(4). Smith v. School Bd. of Orange Cty., 487 F.3d 1361, 1366 (11th Cir. 2007); Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). Therefore, as to these proposed amendments, the motion for leave to amend (doc. 12) is **denied** as untimely and made without a showing of good cause.

Plaintiffs also seek to add Felicia Owens Dixon as a plaintiff in this action. However, Dixon filed a separate action in this Court based upon the same facts and circumstances alleged herein. Dixon's action has been dismissed and she has appealed. Thus to the extent plaintiffs seek leave to amend to add Dixon as a plaintiff, the motion is **denied**.

DONE and ORDERED this 11th day of March, 2011.

                         **s / Kristi K DuBose**
                         **KRISTI K. DUBOSE**
                         **UNITED STATES DISTRICT JUDGE**