IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| LOUIS DIXON, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 2:10-00478-KD-N |
| CITY OF SELMA, et al., | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This action is before the Court on plaintiff's motion to appeal *in forma pauperis* (doc. 22), which was filed by the plaintiff in the Eleventh Circuit Court of Appeals, who transferred the matter to this Court. Plaintiff seeks to appeal from the Order and Judgment entered on July 11, 2011 (docs. 18 and 19, respectively) granting defendant's motion for summary judgment. The motion has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(3).[1] Upon consideration of the motion and all other pertinent portions of the record, it is recommended that the motion to proceed on appeal without prepayment of fees should be **DENIED**.

The decision of whether to grant a request to proceed *in forma pauperis* is committed to the sound discretion of the district court. Williams v. Estelle, 681 F.2d 946 (5th Cir. 1982), *cert. denied*, 469 U.S. 1075, 105 S.Ct. 571, 83 L.Ed.2d 511 (1984). A

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the plaintiff does not have an opportunity to file objections. Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998)("Section 636(b)(3) does not provide a party with ten days to file written objections with the district court."); United States v. Woods, 2009 WL 5068805 (S.D. Ala. Dec. 17, 2009); United States v. Gibbs, 2008 WL 5428047 (S.D. Ala. Dec. 23, 2008). The Clerk is therefore directed to refer this matter to the District Judge for her consideration without the necessity of a waiting period.

party seeking to proceed on appeal *in forma pauperis* must meet two requirements. First, that party must demonstrate, by affidavit, that he or she is financially unable to pay fees and costs. *See* Fed. R. App. P. 24(a).[2] Second, a party may not appeal *in forma pauperis* if the district court certifies that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(1).

    Economic Eligibility

In <u>Martinez v. Kristi Kleaners, Inc.</u>, 364 F.3d 1305 (11th Cir. 2004), the Eleventh Circuit held that the applicable standard is whether the *in forma pauperis* ("IFP") affidavit adequately shows that "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id*. at 1307. According to plaintiffs' present IFP motion (doc. 22), filed on September 1, 2011, plaintiff Louis Dixon is "self-employed" as an entity identified as "Numan Construction" at a gross monthly pay of $800.00. Plaintiff reports three dependents, a wife and daughters aged eight and two, as well as expenses claimed to be $660.00 per month. Although plaintiff states that his home was "Foreclosed on 08-17-

---

[2] Rule 24(a) of the Federal Rules of Appellate Procedure, provides, as follows:

(a) Leave to Proceed in Forma Pauperis.

(1) Motion in the District Court. Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)

2

11," he does not indicate that he is paying any rent or mortgage at the present time and there are no other reported debts. (*Id.*) Plaintiff does list as an asset a 2003 Ford Ecoline vehicle but does not provide its estimated value. (*Id.*) Although the form utilized by the plaintiff requires the inclusion of his spouse's income earned "during the past 12 months," plaintiff has not set forth his spouse's income. (*Id.*) The Court notes, however, that on February 15, 2011, a mere seven (7) months ago, plaintiff's spouse, Felicia Dixon, filed an affidavit stating that she worked for the same construction company and that, while she earned $1000 per month, her spouse who is the plaintiff herein earned $1200 per month. *See*, Dixon v. City of Selma, et al., Civil Action 09-cv-00684-KD-N at Doc. 53. In the seven months since plaintiff's spouse filed her affidavit in this Court, plaintiff herein establishes that he and his spouse have brought their monthly expenses down from $1949 (doc 53 in Civil Action 09-cv-00684-KD-N) to $660 (doc. 22). Based upon the information before the Court in this case as well as the earlier case filed by plaintiff's wife, the undersigned finds that plaintiff has failed to establish that he lacks the means to pay the appellate fee and other related costs without being deprived of the basic necessities of life.

      Requirement that Appeal Not Be Frivolous.

      In addition to the economic requirement for IFP status, "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see also* Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). An appeal is not taken in good faith if it is plainly frivolous. United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997); DeSantis v. United Technologies Corp., 15 F.Supp.2d 1285, 1289 (M.D. Fla. 1998) (appeal is not taken in

good faith when it fails to "seek[] appellate review of any issue that is not frivolous"), aff'd, 193 F.3d 522 (11th Cir. 1999). Stated another way, an *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam).

Plaintiff does not set forth in either his notice of appeal (doc. 20), or his motion for leave to appeal in forma pauperis (doc. 22), what issues he intends to raise on appeal. However, for the reasons stated in the Court's Order entered on July 11, 2011 (doc. 18), any appeal from the order and judgment entered in this case would clearly be frivolous and thus not taken in good faith.

## CONCLUSION

It is recommended that the District Judge deny the motion to appeal *in forma pauperis* (doc. 53) and certify in writing, pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24(a)(3)(A), that the appeal is not taken in good faith.

**DONE** this 6<u>th</u> day of October, 2011.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

4